IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LORI STANLEY, | ) | |
| | ) | CIVIL ACTION NO.:   2:21-cv-1575 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| SELECT ENERGY SERVICES, LLC | ) | |
| | ) | *ELECTRONICALLY FILED* |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff, Lori Stanley, by and through her attorneys, brings this civil action for damages against the above-named Defendant, Select Energy Services, LLC, demands a trial by jury, and complains and alleges as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of the claims set forth in this Complaint is proper in this judicial district pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") as amended, 42 U.S.C. §2000e *et seq.*, and the Equal Pay Act, 29 U.S.C. § 206 *et seq.* (the "EPA"), as well as pendent state law claims arising under the provisions of the Commonwealth of Pennsylvania, to wit, the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* (the "PHRA"), and 28 U.S.C. §§1331 and 1343.

2. Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District, and because the unlawful discrimination practices that are the subject of this action were committed in this Judicial District.

3. Declaratory relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202.

1

**THE PARTIES**

4. Plaintiff, Lori Stanley ("Ms. Stanley") is an adult female individual residing in Princeton, Mercer County, West Virginia.

5. Defendant, Select Energy Services, LLC ("Select Energy") is a Texas company operating in the oil and gas services industry.

6. At all times relevant to this Complaint, Select Energy operated a field-mining operation in Canonsburg, Washington County, Pennsylvania, at which Ms. Stanley was employed.

7. At all times relevant to this Complaint, Select Energy employed in excess of fifteen (15) employees, including Ms. Stanley, making Select Energy an "employer" as defined under Title VII and the PHRA.

8. At all times material and relevant hereto, Select Energy was an employer as defined in the EPA.

**ADMINISTRATIVE PROCEEDINGS**

9. On or about June 5, 2020, Ms. Stanley filed a Charge of Discrimination with the Equal Employment Opportunity Commission (the "EEOC"), which was docketed as Charge No. 533-2020-01734, alleging Select Energy discriminated against her on the basis of her gender, fostered a sexually hostile work environment, and retaliated against her for making good-faith complaints of such discrimination and harassment. The filing included instructions for the EEOC to dual file her discrimination claims with the Pennsylvania Human Relations Commission (the "PHRC").

10. Ms. Stanley has been advised of her individual right to bring a civil action by receiving a Notice of Right to Sue from the EEOC, dated August 19, 2021.

11. Ms. Stanley has exhausted all administrative remedies available to her, and all necessary and appropriate EEOC administrative prerequisites to the filing of this Complaint have occurred and been satisfied.

**STATEMENT OF FACTS**

12. Ms. Stanley was employed by Select Energy for approximately one year and six months until she was forced to resign from her employment on or about April 11, 2020.

13. Ms. Stanley worked in Select Energy's Well Testing department as a Well Testing Operator, based out of its Canonsburg, Washington County, Pennsylvania establishment.

14. Ms. Stanley was supervised by and reported to Robert Tomac.

15. Throughout her tenure with Select Energy, Ms. Stanley was the only female in her department.

16. Throughout her tenure, Ms. Stanley was subject to instances of sexual harassment on a consistent basis, including but not limited to: sexually vulgar and pornographic material placed inside Ms. Stanley's work bag by a male employee; unsolicited pornographic photographs of other women sent to Ms. Stanley by a male Select Energy employee; unsolicited nude images sent by the same Select Energy employee, of himself, to Ms. Stanley; and having her rear end grabbed by a male employee.

17. Throughout her tenure, Ms. Stanley was subject to instances of gender-based harassment on a consistent basis, including but not limited to: being told by a male coworker, Ryan Runkle, that she "would never get a job because [she's] a woman;" being passed over for monetary raises of her hourly pay rate while male employees who were hired at the same time as her or at a date later than her received raises.

3

18. Specifically, on or about March 11, 2019, Ms. Stanley learned that her coworker, Richard Kale Peterson, who was hired at the same time as her, received a raise in his pay rate while Ms. Stanley did not receive any raise in her pay rate.

19. Ms. Stanley made a complaint to her supervisor, Mr. Tomac, about this pay disparity.

20. Mr. Tomac informed Ms. Stanley that her performance would need to be reviewed before she was eligible for a raise. Mr. Tomac informed Ms. Stanley that he did not review Mr. Peterson's performance before awarding him a raise.

21. On or about April 16, 2019, Ms. Stanley was assigned to work a days-long drilling job. After the first day, she was released from work for four days without explanation while her male coworkers all continued working on the drilling job.

22. On or about March 17, 2020, Ms. Stanley made a complaint both to a Human Resources representative for Select Energy and to Ren Litman, Operations Manager, about this, culminating harassment and disparate treatment.

23. On or about April 2, 2020, Ms. Stanley reported to work at Select Energy's Canonsburg, Pennsylvania shop for three (3) consecutive days.

24. While employees worked at the shop, they would be called to participate in rig ups, working directly in the field at or around the shop.

25. While Ms. Stanley worked these days at the shop, she stayed in a hotel room each night because she was the only female employee.

26. On or about April 2, 2020, Ms. Stanley learned that Mr. Tomac stated that he was going to give Ms. Stanley as little work as possible and that she had become an "HR nightmare."

27. Ms. Stanley made a complaint to her Human Resources contact about these comments.

28. On or about April 3, 2020, the male coworkers in Ms. Stanley's department were all asked over a group text message initiated by Mr. Tomac to work a rig up; Ms. Stanley was left off the group message.

29. Ms. Stanley again made a complaint to her Human Resources contact that Mr. Tomac was now leaving her off rig up work shifts following her complaints of gender/sexual harassment.

30. On or about April 5, 2020, after her complaint to Human Resources, Ms. Stanley was asked to work a rig up.

31. At the rig up, Ms. Stanley learned that her male coworker Brett, who was hired one year after Ms. Stanley, had recently received a raise to a pay rate higher than Ms. Stanley's, and that her coworker Kade, who was hired at the same time as Ms. Stanley, was earning a significantly higher hourly pay rate than Ms. Stanley for completing the same work as Ms. Stanley.

32. On or about April 11, 2020, Ms. Stanley felt that based on the sexual and gender-based harassment from her male coworkers, the disparity in pay between herself and her male coworkers for performing the same essential job functions, and Mr. Tomac's retaliatory comments about Ms. Stanley being an "HR nightmare," that she had no other option than to tender a resignation of her employment from Select Energy.

33. Based upon these facts, Ms. Stanley believes she was discriminated against a subjected to a sexually hostile work environment on the basis of her gender, as well as retaliated against for continuously reporting the aforementioned harassment and discrimination.

## COUNT I
## VIOLATIONS OF TITLE VII
## SEXUALLY HOSTILE WORK ENVIRONMENT

34. All prior paragraphs are incorporated herein as if set forth fully below.

35. Select Energy created, permitted, tolerated, encouraged and fostered a sexually hostile, intimidating, demeaning, degrading and demoralizing environment at its facility in Canonsburg, Pennsylvania, where Ms. Stanley worked, which hostile environment was ongoing and pervasive throughout Ms. Stanley's employment.

36. The acts of Select Energy, and its officers, agents and employees manifesting and permitting this hostile environment, insofar as they are known to Ms. Stanley, included allowing Ms. Stanley's coworker to sexually harass her, and continuing to allow this situation to occur despite Ms. Stanley's complaints and reports.

37. The sexually hostile environment was specifically known to Select Energy's management and Human Resources Department, which took no meaningful or effective action to remediate the offending behavior or to remove the offending environment following Ms. Stanley's initial report.

38. As a consequence of the hostile environment supported and encouraged by Select Energy's actions and failures to act, Ms. Stanley was subjected to emotional distress, physical injury, a loss of self respect and confidence, humiliation, ridicule and a negative effect on her work product and ability to fully and effectively perform her job duties and responsibilities, all of which manifested itself in mental and physical distress, injury and damage.

39. As a result of the sexually hostile environment which persisted over the course of many months, Ms. Stanley was compelled to seek alternate employment, leading to her

constructive termination, and resulting in ongoing economic loss and great damage to her career and professional standing.

40. The actions of Select Energy set forth above constitute violations of Title VII of the Civil Rights Act, 42 U.S.C. §2000e *et seq*. (as amended) and the Civil Rights Act of 1991.

**WHEREFORE**, Plaintiff, Lori Stanley, respectfully requests this Honorable Court to enter judgement in her favor and against Defendant, Select Energy Services, LLC, together with back wages, front wages, compensatory damages, punitive damages, reasonable attorneys' fees and costs, and any such other relief as this Honorable Court deems just and appropriate, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT II

### VIOLATIONS OF TITLE VII
### GENDER DISCRIMINATION – DISPARATE TREATMENT

41. All prior paragraphs are incorporated herein as if set forth fully below.

42. Select Energy discriminated against Ms. Stanley by treating her materially worse than her similarly situated male co-workers, as described herein, and ultimately by constructively terminating Ms. Stanley.

43. As a consequence of the discriminatory treatment supported and encouraged by Select Energy's actions and failures to act, Ms. Stanley was subjected to emotional distress, humiliation, ridicule and a negative effect on her work product and ability to fully and effectively perform her job duties and responsibilities, all of which manifested itself in mental and physical distress, injury and damage.

44. As a result of the discriminatory treatment, Ms. Stanley has suffered emotional distress, physical injury, a loss of self-respect and confidence, and has been subjected to great damage to her career and professional standing.

45. The actions of Select Energy set forth above constitute violations of Title VII of the Civil Rights Act, 42 U.S.C. §2000e *et seq*. (as amended) and the Civil Rights Act of 1991.

**WHEREFORE**, Plaintiff, Lori Stanley, respectfully requests this Honorable Court to enter judgement in her favor and against Defendant, Select Energy Services, LLC, together with back wages, front wages, compensatory damages, punitive damages, reasonable attorneys' fees and costs, and any such other relief as this Honorable Court deems just and appropriate, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT III

### VIOLATIONS OF TITLE VII
### RETALIATION

46. All prior paragraphs are incorporated herein as if set forth fully below.

47. Select Energy illegally retaliated against Ms. Stanley as a result of Ms. Stanley's good-faith complaints of sexual harassment and discrimination by her coworkers and by Mr. Tomac.

48. As a consequence of Select Energy's retaliatory actions, Ms. Stanley was subjected to economic loss, damage to her professional career, emotional distress, physical injury, a loss of self-respect and confidence, humiliation and ridicule, all of which manifested itself in mental and physical distress, injury and damage.

49. The actions of Select Energy set forth above constitute violations of Title VII of the Civil Rights Act, 42 U.S.C. §2000e *et seq*. (as amended) and the Civil Rights Act of 1991.

**WHEREFORE**, Plaintiff, Lori Stanley, respectfully requests this Honorable Court to enter judgement in her favor and against Defendant, Select Energy Services, LLC, together with back wages, front wages, compensatory damages, punitive damages, reasonable attorneys' fees and

costs, and any such other relief as this Honorable Court deems just and appropriate, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

### COUNT IV

**VIOLATIONS OF THE PHRA**
**GENDER DISCRIMINATION, HOSTILE WORK ENVIRONMENT,**
**AND RETALIATION**

50. All prior paragraphs are incorporated herein as if set forth fully below

51. This is an action arising under the provision of the PHRA and this Court has, and should exercise, pendant jurisdiction over the same because the cause of action complained of in the Count IV arises out of the same facts, events and circumstances as Counts I through III, and therefore judicial economy and fairness to the parties dictates that this Count be brought in the same Complaint.

52. By creating, permitting, tolerating, encouraging and fostering a sexually hostile, intimidating, demeaning, degrading and demoralizing environment at its business location in Canonsburg, Pennsylvania where Ms. Stanley worked, Select Energy violated Ms. Stanley's state rights under the PHRA, which prohibits discrimination and harassment based upon a gender with respect to the continuation and tenure of employment.

53. Select Energy's further violated Ms. Stanley's state rights under the PHRA by retaliating against her and terminating her employment in response to good faith complaints of sexual harassment and gender discrimination.

54. As more fully set forth in Counts I through III, Ms. Stanley has suffered directly and solely as a result of Select Energy actions, great pecuniary loss, damage and harm and will continue to suffer the same for the indefinite future.

**WHEREFORE**, Plaintiff, Lori Stanley, respectfully requests this Honorable Court to enter judgement in her favor and against Defendant, Select Energy Services, LLC, together with back wages, front wages, compensatory damages, reasonable attorneys' fees and costs, and any such other relief as this Honorable Court deems just and appropriate, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

### COUNT V

### VIOLATIONS OF THE EPA

55. All prior paragraphs are incorporated herein as if set forth fully below.

56. By committing the aforementioned acts, Select Energy has violated the EPA by using sex as a factor to determine Ms. Stanley's compensation.

57. Select Energy's conduct was willful.

58. Ms. Stanley has and continues to suffer harm as a result of Select Energy's violation of her protected federal rights.

**WHEREFORE**, Plaintiff, Lori Stanley, respectfully requests this Honorable Court to enter judgment in her favor and against Defendant, Select Energy Services, LLC, and grant such relief as may be appropriate, including liquidated damages, costs and attorneys' fees, and for such other further relief, in law and in equity, both actual and special, to which this Honorable Court deems just fair and appropriate.

### DEMAND FOR JURY

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a jury trial.

                                  Respectfully submitted,

                                  **Weisberg Cummings, P.C.**

Dated: November 2, 2021         */s/ Larry A. Weisberg*
                                  Larry A. Weisberg (PA 83410)
                                  lweisberg@weisbergcummings.com

                                  */s/ Derrek W. Cummings*
                                  Derrek W. Cummings (PA 83286)
                                  dcummings@weisbergcummings.com

                                  */s/ Steve T. Mahan*
                                  Steve T. Mahan (PA 313550)
                                  smahan@weisbergcummings.com

                                  */s/ Michael J. Bradley*
                                  Michael J. Bradley (PA 329880)
                                  mbradley@weisbergcummings.com

                                  2704 Commerce Drive, Suite B
                                  Harrisburg, PA 17110
                                  (717) 238-5707
                                  (717) 233-8133 (FAX)
                                  *Counsel for Plaintiff*